UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
GHEEVARGHESE A. THANKACHAN,

      Plaintiff,

vs.

**COMPLAINT**

PEEKSKILL HOUSING AUTHORITY,
JOHN TESTA, MAYOR, City of Peekskill,
LEESTHER BROWN, ERIC HINES,
SANDRA BOND, LORRAINE ROBINSON,
sued in their official and individual capacities,

      Defendant.

-----------------------------------------------------------------x

JUDGE CONNER

07 CIV. 8332

By and through his counsel, Michael H. Sussman, plaintiff alleges as against defendants as follows:

I. **PARTIES**

1. Plaintiff, Gheevarghese A. Thankachan, is a resident of the County of Westchester and an adult of legal age. He is of East Asian descent.

2. Defendant Peekskill Housing Authority is a municipal corporation organized pursuant to the laws of the State of New York and conducts business within this judicial district.

3. Defendant John Testa is the Mayor of the City of Peekskill and appoints and may remove members of the City of Peekskill Housing Authority. He is sued for actions taken under color of state law.

4. Defendant Leesther Brown is acting chair of the Peekskill Housing Authority. She is sued in her official and individual capacities for actions taken under color of state law.

5. Defendants Hines, Bond and Robinson are all members of the Peekskill Housing

Authority sued in their official and individual capacities for actions taken under color of state law.

II. **JURISDICTION**

6. As plaintiff asserts that defendants have violated federal and state law, this Honorable Court has jurisdiction pursuant to 28 U.S.C. secs. 1331, 1343 (3) & (4), 1367 and 42 U.S.C. secs. 1983 and 1988.

III. **FACTUAL ALLEGATIONS**

7. Plaintiff became Executive Director of the Peekskill Housing Authority in April 2003.

8. Before assuming this position, he served as staff attorney for the Housing Authority beginning in 1998.

9. In all, plaintiff has worked for the Housing Authority since 1983.

10. Plaintiff was born in India of Indian parents. His first language was Malayalam. He is of dark complexion.

11. Plaintiff has always well performed the duties and responsibilities associated with the positions he has held at the Housing Authority.

12. In October 2006, HUD recognized plaintiff with an award for "exemplary service to our residents."

13. For 2006, HUD scored plaintiff's management operation 29 out of a maximum score of 30.

14. In the spring of 2007, defendant Brown stated that plaintiff was allowing too many Hispanics to enter the hosing authority projects.

15. Plaintiff rebuked defendant Brown for this racist statement.

16. On or about September 13, 2007, defendants Brown, Hines, Bond and Robinson voted to terminate plaintiff's employment.

17. In informing plaintiff of this action, these defendants provided no reason for his termination.

18. The aforecited defendants voted to terminate plaintiff in a closed executive session, not a public meeting as is required.

19. After informing plaintiff of his termination and failing to provide any reason therefor, defendant Brown publicly announced a series of false reasons for this adverse action.

20. Specifically, Brown advised the media that plaintiff was terminated because he had failed to evict a "sex offender" and allowed convicted drug felons to remain in authority buildings.

21. Both of these reasons, as well as all others adduced by the defendant Brown, were baseless, known to be baseless when circulated and simply intended to sully the exceptional reputation of the plaintiff.

22. Twice before in 2007, animated as set forth below, defendants sought to end plaintiff's employment with the Housing Authority, previously suspending him for the alleged purpose of investigating his performance in the late spring/summer 2007.

23. On this latter occasion, the Authority hired a New York law firm for the express purpose of determining whether grounds existed to terminate plaintiff.

24. Upon information and belief, this law firm found no such grounds.

25. To insure the integrity of public housing programs and the use of federal funds, in 2007, plaintiff revealed to HUD several examples of misconduct on the part of members of the

Housing Authority, including the granting of a contract without proper bidding for the installation of surveillance cameras to a company closely associated with the Mayor and Brown's discriminatory remarks concerning Hispanic tenants.

26. On several occasions in 2006-07, defendant Brown made remarks and/or comments deprecating plaintiff's national origin.

27. After being informed of no reason for his termination and then reading publicity about the alleged reasons for this action, through counsel, plaintiff requested a name clearing hearing.

28. Defendants have provided no name clearing hearing of any sort.

29. Defendants terminated plaintiff for several inter-related reasons:

a) first, defendant Testa, the Republican Mayor who appoints housing authority members, came to believe that plaintiff was associating with members of the Democratic party. On this basis, he expressed hostility toward plaintiff and appointed Housing Authority members expressly  bent on ending plaintiff's tenure for political reasons.

b) second, defendant Brown became hostile toward plaintiff both because of what she believed was his political affiliation and because he failed and refuse to engage in discriminatory practices in violation of the Fair Housing Act.

c) third, defendant Brown harbored discriminatory animus toward the plaintiff on the basis of his national origin and influenced the other individual defendants who were members of the board in a similar manner.

30. Under the terms of his contract with the Housing Authority, plaintiff was entitled to due process before his termination like those afforded by section 75 of New York State Civil

Service Law.

31. Such contract created an enforceable property interest in pre-deprivation due process.

32. Defendant provided no pre-deprivation due process.

33. Since his termination, plaintiff has not found comparable employment.

34. Plaintiff has suffered compensable non-pecuniary damages as a consequence of his termination.

35 . State court affords plaintiff no adequate remedy in law or in equity.

36. Defendant's acts and omissions as to plaintiff have been intentionally and malicious.

### CAUSES OF ACTION

37. Plaintiff re-alleges each prior paragraph as if fully restated herein.

38. By discriminating against plaintiff in the terms and conditions of his employment on the basis of his race, defendants all violated 42 U.S.C. sec. 1981 as amended.

39 By terminating plaintiff because of his perceived political affiliation, defendants each violated the First Amendment of the United States Constitution as made actionable by and through 42 U.S.C. sec. 1983.

40. By pressuring his appointees to violate the First Amendment by firing plaintiff because of his perceived political beliefs and associations, defendant Testa violated the First Amendment to the United States Constitution as made actionable against him pursuant to 42 U.S.C. sec. 1983.

41. By failing to provide plaintiff a name-clearing hearing after publicly deprecating him on behalf of the Peekskill Housing Authority at the time of plaintiff's termination, defendants deprived plaintiff of a liberty interest without due process of law in violation of the 14th

Amendment, as made actionable against defendant by 28 U.S.C. sec. 1983.

42. By failing to provide plaintiff due process before terminating him and so depriving

him of property, defendants violated the due process clause of the 14th Amendment, as made

actionable against defendant by 28 U.S.C. sec. 1983.

PRAYER FOR RELIEF

WHEREFORE, plaintiff prays that this Court:

a) accept jurisdiction over this matter;

b) empanel a jury to fairly hear and decide this matter;

c) award plaintiff compensatory damages as against each defendant;

d) award punitive damages to the plaintiff and against each individual defendant;

e) order defendant Authority to restore plaintiff to his prior position with full restoration of

benefits;

f) enter any other relief it deems legal and equitable.

Respectfully submitted,

Michael H. Sussman [3497]

SUSSMAN & WATKINS
PO Box 1005
Goshen, NY 10924
(845)-294-3991

Counsel for Plaintiff

Dated: 24 September 2007
        Goshen, New York