UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
GHEEVARGHESE THANKACHAN,

                                   Case No. 07 Civ. 8332

                  Plaintiff,

  -against-

                                   **ANSWER**

PEEKSKILL HOUSING AUTHORITY, JOHN
TESTA, LEESTHER BROWN, ERIC HYNES,
SANDRA BOND, LORRAINE ROBINSON,

                  Defendants.
------------------------------------------------------------------x

    Defendants, Peekskill Housing Authority, Leesther Brown, Eric Hynes, Sandra Bond and Lorraine Robinson (hereinafter referred to as "*Peekskill Housing Authority Defendants*") by their attorney William J. Florence, Jr., as and for their answer to the complaint hereby alleges as follows:

### PARTIES

1. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of plaintiff's complaint.

2. As to the allegations in paragraph 3 of the plaintiff's complaint, defendants deny so much of the allegation as allege that defendant Testa may remove a member of the Peekskill Housing Authority.

3. As to the allegations contained in Paragraph 5, deny except admit defendants Bond and Robinson are members of the Peekskill Housing Authority Commission.

## JURISDICTION

4. As to the allegations contained in Paragraph 6, to the extent that plaintiff's allegations of violations of Federal and State Law are a valid assertion, defendants do not challenge the Courts Jurisdiction.

## FACTUAL ALLEGATIONS

5. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 7, 8, 9, 10, 12, 13, 15, 22, 25, 32 and 33.

6. Deny the allegations contained in paragraphs 11, 14, 17, 18, 19, 21, 24, 26, 27, 29(a), 29(b), 29(c), 30, 31, 34, 35, and 36.

7. As to the allegations contained in paragraph 20, defendants admit except are not certain criminals are felons.

8. As to the allegations contained in paragraph 23, deny except admit the hiring of a New York City law firm.

## CAUSES OF ACTION

9. The Peekskill Housing Authority Defendants repeat and reallege their answers set forth at paragraphs 1 through 8 as if set forth at length herein.

10. Deny the allegations contained in paragraphs 37, 38, 39, 40, 41 and 42 of the plaintiff's complaint.

## FIRST AFFIRMATIVE DEFENSE

11. Plaintiff's complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

12. The individual defendants are entitled to absolute immunity.

### THIRD AFFIRMATIVE DEFENSE

13. The individual defendants are entitled to qualified immunity.

### FOURTH AFFIRMATIVE DEFENSE

14. Plaintiff has failed to pursue appropriate administrative or state law remedies.

### FIFTH AFFIRMATIVE DEFENSE

15. Plaintiff's procedural due process claim is barred by the availability of state law remedies.

### SIXTH AFFIRMATIVE DEFENSE

16. Plaintiff has failed to mitigate his damages.

### SEVENTH AFFIRMATIVE DEFENSE

17. Plaintiff's claims are barred, in whole or in part, by the statute of limitations.

### EIGHTH AFFIRMATIVE DEFENSE

18. The injuries, losses, damages and occurrences alleged in plaintiff's complaint were the result of an independent and intervening cause or causes over which the answering defendants had no control or right to control and in no way participated.

### NINTH AFFIRMATIVE DEFENSE

19. If plaintiff has been injured and damaged as alleged in the complaint, such injury and damage were caused and contributed to by plaintiff's own conduct,

negligence, carelessness or want of care and failure and refusal to enforce occupancy policies; and, if it be determined that plaintiff is entitled to recovery herein as against any answering defendant, such recovery should be apportioned between plaintiff and answering defendant according to their relative responsibility therefore.

### TENTH AFFIRMATIVE DEFENSE

20. If plaintiff has been damaged or injured as alleged in the complaint, and such damage or injury was not sustained solely as a result of plaintiff's own negligence, carelessness, culpable conduct, or want of care and plaintiff's failure to enforce Peekskill Housing Authority occupancy policies, such damage and injury were brought about by the negligence, carelessness, culpable conduct, want of care and plaintiff's failure to enforce Peekskill Housing Authority occupancy policies and intentional acts of third parties over whom the answering defendants had no control and for whose negligence, carelessness, want of care and intentional criminal acts the answering defendants are not responsible.

### ELEVENTH AFFIRMATIVE DEFENSE

21. If any liability is found as against answering defendants, this liability will constitute fifty percent (50%) or less of all liability assigned to all parties, and, as such, the liability of answering defendants to plaintiff for non-economic loss shall be limited, and shall not exceed answering defendants' equitable share, as provided in C.P.L.R. Article 16.

**WHEREFORE** defendants demand judgment dismissing the complaint of the plaintiff herein, together with an award of reasonable attorney fees, costs and disbursements of this action and for such other and further relief as to this Court shall seem just and proper.

Dated: Peekskill, New York
December 19, 2007

                                      Yours, etc.

                                      _____
                                      William J. Florence, Jr., Esq. (WJF-6639)
                                      Attorney for Defendants
                                      One Park Place, Suite 300
                                      Peekskill, New York 10566
                                      (914) 737-7001

TO:    MICHAEL H. SUSSMAN, ESQ.
         Attorneys for Plaintiff
         Sussman & Watkins
         PO Box 1005
         Goshen, New York 10924