UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
GHEEVARGHESE THANKACHAN,                    Assigned Justice:
                                            Honorable William C. Conner

                Plaintiff,           07 CIV. 8332

   -against-                               NOTICE OF MOTION TO
                                            DISMISS COMPLAINT
PEEKSKILL HOUSING AUTHORITY, JOHN
TESTA, LEESTHER BROWN, ERIC HYNES,
SANDRA BOND, LORRAINE ROBINSON,

                Defendants.
-------------------------------------------------------------------x

    **PLEASE TAKE NOTICE** that upon the annexed affirmation of William J. Florence, Jr., Esq, dated February 8, 2008, the Affidavit of John Testa, dated February 7, 2008, the accompanying Memorandum of Law and upon all the papers and proceedings heretofore had herein, ***defendant, John Testa***, will move this Court before the Honorable William C. Conner, United States District Judge, Southern District of New York, 300 Quarropas Street, White Plains, New York 10601, on ***March 17, 2008*** at a time to be scheduled by the Court for an Order pursuant to Rule 12 (b) (6) of the Federal Rules of Civil Procedure dismissing the Complaint of the Plaintiff with prejudice on the grounds that there is no causal legal connection between John Testa and the actions of the Housing Authority Board.

    **PLEASE TAKE FURTHER NOTICE**, that answering papers, if any, are to be

served by *March 6, 2008*.  Reply papers, if any, are to be served by *March 17, 2008*.

Dated: Peekskill, New York
       February 8, 2008

        Yours, etc.


        _____
        **WILLIAM J. FLORENCE, JR., ESQ. (WJF-6639)**
        Attorney for *Defendant, John Testa*
        One Park Place, Suite 300
        Peekskill, New York 10566
        (914) 737-7001


TO: **MICHAEL H. SUSSMAN, ESQ.**
   Sussman & Watkins
   Attorneys for *Plaintiff*
   PO Box 1005
   Goshen, New York 10924
   (845) 294-3991

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
GHEEVARGHESE THANKACHAN,           **Assigned Justice:**
         **Honorable William C. Conner**

         Plaintiff,           **07 CIV. 8332**

  -against-           **AFFIRMATION IN SUPPORT**
         **OF MOTION TO DISMISS**

THE PEEKSKILL HOUSING AUTHORITY, JOHN
TESTA, LEESTHER BROWN, ERIC HYNES,
SANDRA BOND, LORRAINE ROBINSON,

         Defendants.
-----------------------------------------------------------------x

    **WILLIAM J. FLORENCE, JR**., affirms the following under penalty of perjury:

1. I am an attorney at law licensed to practice in the Federal Courts of the Southern and Eastern Districts of the 2nd Department, the Second Circuit Court of Appeals and the Supreme Court of the United States and I represent the defendant, John Testa, herein.

2. This Motion to Dismiss is predicated on the remoteness of this defendant to the substance of plaintiff's claims: That is to say was this defendant a substantial causative factor of the event of which plaintiff complains.

3. At the time of the event complained of John Testa was the Mayor of the City of Peekskill. He became Mayor January 1, 2002 and remained continuously in that elected position until December 31, 2007.

4. The other defendants were members of the Peekskill Housing Authority ("The Authority"), a public benefit corporation, at the time of the event complained of, which is funded, regulated and thereby controlled by the Federal Agency, the U.S. Department of Housing and Urban Development.

5. The Authority has a Board of Commissioners (the "Board") to whom an Executive Director reports (annexed hereto and made a party hereof is a set of the **By-Laws of the Authority as Exhibit A**, See Article II).

6. The Peekskill Housing Authority has a seven member Board. Of those members, five are appointed by the Mayor. Two members are tenants who are elected by other tenants. The Mayor's authority derives from the Municipal Housing Authority Law Section Thirty (§30(2)).

7. The New York State Constitution requires a mechanism for discharge. There exists the right following a public hearing in which charges are laid against an Authority member for "inefficiency, neglect of duty or misconduct in office...but only after the member shall have been give a copy of the charges against him and an opportunity to be heard in person or by counsel in his own defense at a public hearing..." (id et §34).

    Presuming such an administrative step to have been taken a disappointed party would then have the right to review in State Court pursuant to an Article 78 Proceeding.

8. The Authority Board members dates of appointment were as follows:

    | | |
    |---|---|
    | Leesther Brown | February 23, 2004 |
    | Eric Hynes | January 11, 2006 |
    | Sandra Bond | January 11, 2006 |
    | Lorraine Robinson | February 7, 2007 |

    Neither Eric Hynes nor Sandra Bond remains on the Board.

9. The Pleadings allege: Housing Authority Board Members terminated plaintiff following two (2) suspensions.

    Plaintiff thereafter alleges subjective (i.e. plaintiff came to believe) reasons for his termination including plaintiff's association with an opposing political party. Contrary to plaintiff's beliefs, Testa determined he was withdrawing from political matters in the winter of 2006-2007. He announced he was no longer going to seek re-election in May of 2007, making himself a lone duck mayor, which is to say he no longer possessed whatever powers were associated with the public office he held (See annexed hereto and made a part hereof as **Exhibit B, John Testa Affidavit**).

    The events in plaintiff's complaint are undated but his termination came about in September 2007 following action by the Board.

    From this sequence, plaintiff alleges Testa violated plaintiff's First Amendment Rights. The political affiliation of the Board members a neither known nor alleged as actions politically motivated.

5

**WHEREFORE**, affirmant respectfully requests judgment dismissing the complaint of plaintiff against the defendant Testa and for such other and further relief as shall to the Court seem just and proper.

Dated: Peekskill, New York
February 8, 2008

        Yours, etc.

        _____
        **WILLIAM J. FLORENCE, JR., ESQ.  (WJF-6639)**
        Attorney for *Defendant, John Testa*
        One Park Place, Suite 300
        Peekskill, New York 10566
        (914) 737-7001

TO:   **MICHAEL H. SUSSMAN, ESQ.**
       Sussman & Watkins
       Attorneys for *Plaintiff*
       PO Box 1005
       Goshen, New York 10924
       (845) 294-3991

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
GHEEVARGHESE THANKACHAN,      **Assigned Justice:**
    **Honorable William C. Conner**

        Plaintiff,      **07 CIV. 8332**

  -against-      **AFFIDAVIT IN SUPPORT OF MOTION TO DISMISS**

THE PEEKSKILL HOUSING AUTHORITY, JOHN
TESTA, LEESTHER BROWN, ERIC HYNES,
SANDRA BOND, LORRAINE ROBINSON,

        Defendants.
-----------------------------------------------------------------x
**STATE OF NEW YORK**     )
    ) **ss.:**
**COUNTY OF WESTCHESTER**   )

**JOHN TESTA**, being duly sworn, deposes and says:

1. I was elected Mayor of the City of Peekskill and took office on January 1, 2002. I remained in office throughout until December 31, 2007.

2. I determined that I would no longer be a candidate for mayor in the winter of 2006-2007. I finally announced my intention not to run for reelection in the autumn of 2007 after it was becoming public knowledge in May of 2007.

3. During my tenure and from time to time, I made appointments to the Peekskill Housing Authority Board of Commissioners. Those who were appointed were people I believed or caused me to believe that they had by their experiences, an

7

interest in running the Authority so as to provide decent, safe and sanitary homes in good repair for low-income families.

4. I categorically deny that I somehow persuaded the members to take action against the plaintiff by terminating him from his position.

5. I have never involved myself with the affairs of the Peekskill Housing Authority. I have no power to do so. I have no interest where I have no responsibility on behalf of the City.

6. The City organization's sole connection to the Housing Authority is the appointments to the Board. The business affairs are under the regulation of the (Federal) Department of Housing and Urban Development.

**WHEREFORE**, I respectfully request that the cause of action against me be dismissed and for such other and further relief as to this Court shall seem just and proper.

                                                                               **JOHN TESTA**

Sworn to before me this
   day of February, 2008.

_____

Case 7:07-cv-08332-WCC    Document 9    Filed 02/13/2008    Page 9 of 9