UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

| | |
|---|---|
| GHEEVARGHESE THANKACHAN, | Assigned Justice: |
| | Honorable William C. Conner |
| Plaintiff, | |
| -against- | 07 CIV. 8332 |
| PEEKSKILL HOUSING AUTHORITY, JOHN TESTA, LEESTHER BROWN, ERIC HYNES, SANDRA BOND, LORRAINE ROBINSON, | |
| Defendants. | |

-----------------------------------------------------------------x

## MEMORANDUM OF LAW

### Preliminary Statement

Defendant, **JOHN TESTA**, by his attorney William J. Florence, Jr., submit the instant Memorandum of Law to Dismiss the Complaint of Plaintiff in its entirety pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure

Argument

### Facts

Plaintiff alleges violations by defendant and others of rights secured by 42 U.S.C. §1983 of Constitutional Amendments and in this instance the First Amendment.

1. Plaintiff argues in pre-motion conference that defendant Mayor Testa had the right to hire and fire. Defendant would argue that such a statement is one half correct. He does have the right to appoint. Further, he has a right, for cause, to hold a

1

hearing and if there is not substantial evidence, he may not dismiss an Authority Board Member (§34 Municipal Housing Authority Law).

2. It is respectfully submitted that this argument is tangential to the actual legal issue of whether the appointment of members to a Board creates a legal liability for the actions of the Board which operates under the regulation of a different lay of governance.

3. Plaintiff herein seeks to create a causal connection between an appointing public official and allegations of actions claimed to be violations of plaintiff's civil rights by the appointees. The defendant Testa as the appointing Mayor appointed the co-defendants Brown on February 23, 2004, Hynes and Bond on January 11, 2006 and Robinson on February 7, 2007. Thereafter, in September 2007, the Board terminated the services of plaintiff as Executive Director. Thus is the Mayor of the City liable for actions taken by the members of a Board of Commissioners of an authority regulated, funded and controlled by a different organization?

4. The City has no authority over the Housing Authority nor does it have the power to exercise that authority (§20 General City Law).

5. The City was created by an act of the legislature in Chapter 194 of the law of New York in 1938.

6. The Peekskill Housing Authority is an autonomous Public Benefit Corporation created by a Special Act of the Legislature independently prior to 1929 and regulated by the Federal Agency, The Department of Housing and Urban

Development (See §3(2) Public Housing Law).  It has no connection to the City or its powers to act, except as set forth in §30(2) of the Municipal Housing Authority Law to appoint Board of Commissioner Members and as required by Article 13 Section 5 of the New York State Constitution, to provide a mechanism for removal (id at §34).  The powers of the Authority are separate and distinctly different from those of the City's.  Hence the authority to appoint is not equal to the constitutional rights of a person once appointed.

7. The actions of the mayor are wrapped in an allegation that resulted in a loss of employment; a breach of an alleged contractual right.  The other allegations directly charge co-defendant Brown, a 2004 appointment, with specific civil rights violations.

8. The plaintiff's theory is that the appointment of co-defendant Brown in February 2004 was a substantial causative factor in the sequence of plaintiff's termination. **DiCesare v. Glasgow**, 295 AD2d 1007, 743 NYS2d 646.  The 'substantial causative factor' is defined as 'that which in a natural and continuous sequence unbroken by a new cause, produces that event (complained of) and without which that event would not have occurred. **Laidlow v. Sage**, 158 NY 73, 52 NE 679.  Where the facts as to the claim for the damages by which plaintiff is harmed is undisputed and only one conclusion may be drawn from the facts, whether defendant Testa's acts were a substantial cause of the alleged damage is for the Court; not a jury. **Howard v. Poseiden Pools, Inc**., 72 NY2d 972, 534 NYS2d 360.  In this instance,

what is undisputed is that Testa appointed the Board Members and the Board Members discharged plaintiff.

9. The violation of a constitutional right of plaintiff eludes the four corners of this complaint. Here plaintiff alleges a violation of his First Amendment Right presumably, of association with a different political party than defendant's, at a time when defendant was withdrawing from political activity. But his termination was at the hands of the Board wherein plaintiff is alleging a hostile work environment and in alleging a race bias claim. Again, there is no possible causal connection between the appointment of a Board Member three years before alleged race bias comments which plaintiff charges co-defendant Brown made. Likewise, plaintiff's allegation by the plaintiff that co-defendant Brown 'became hostile...' accentuates the remoteness of defendant Testa's appointment in 2004 and plaintiff perceived motions of co-defendant Brown's attitude toward him more than three years later. This plaintiff was in charge of the day-to-day operations of the Housing Authority, so it is he who would be the major influence in the atmosphere of the work environment.

10. Likewise plaintiff alleges without connecting factual allegations, how, when and in what actions, that defendant Testa influenced the Board. **Progeny from Mt. Heath School District Board of Education v. Doyle** 429 US 274, 97 S. Ct. 568, speaks to the remoteness of the complained of event and the plaintiff's burden and an appropriate standard of consideration for this Court.

## Conclusion

It is respectfully submitted that this Honorable Court grant *Defendant John Testa's* motion dismissing the complaint in its entirety, together with costs, fees, disbursements and such other and further relief as this Honorable Court deems just and proper.

Dated: Peekskill, New York
       February 8, 2008

                                Respectfully submitted,

                                _____
                                **WILLIAM J. FLORENCE, JR. (WJF-6639)**
                                Attorney for *Peekskill Police Defendants*
                                One Park Place, Suite 300
                                Peekskill, New York 10566
                                (914) 737-7001

TO:    MICHAEL H. SUSSMAN, ESQ.
          Sussman & Watkins
          Attorneys for *Plaintiff*
          PO Box 1005
          Goshen, New York 10924
          (845) 294-3991