UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GHEEVARGHESE A. THANKACHAN,

    Plaintiff,

vs.                                                                                       **07 CIV 8322 (WCC)**

PEEKSKILL HOUSING AUTHORITY,
JOHN TESTA, MAYOR, City of Peekskill,
LEESTHER BROWN, ERIC HINES,
SANDRA BOND, LORRAINE ROBINSON,
sued in their official and individual capacities,

    Defendant.
----------------------------------------------------------------x

    PLAINTIFF'S MEMORANDUM OF LAW IN REPLY TO DEFENDANT
    **TESTA'S MOTION TO DISMISS THE COMPLAINT AS TO HIM**

    **INTRODUCTION**

    Defendant Testa, the former Mayor of the City of Peekskill, has moved to dismiss, alleging that, taking the facts most favorably to plaintiff, the Complaint fails to state a claim for which relief can be granted as to him.  Testa argues that, since he only has the power to appoint and remove members of the Housing Authority for cause, his acts or omissions could not possibly be causative of the violation of plaintiff's rights.  Since the resolution of these issues is fact-intensive and not a question of law, the motion to dismiss, brought under Rule 12(b)(6), should be denied.

    **STATEMENT OF FACTS**

    According to the well-plead allegations in the Complaint, Plaintiff, Gheevarghese A. Thankachan, is a resident of the County of Westchester, an adult of legal age and of East Asian descent.  He was born in India of Indian parents and his first language was Malayalam. He is of

dark complexion **See**, Cmplt., paras. 1, 10.  Defendant Peekskill Housing Authority is a municipal corporation organized pursuant to the laws of the State of New York and conducts business within this judicial district. **Id.**, para. 2.  As relevant to the Complaint, defendant Testa was the Mayor of the City of Peekskill and appointed and was authorized to remove members of the City of Peekskill Housing Authority.  He is sued for actions taken under color of state law. [1] Defendant Leesther Brown is acting chair of the Peekskill Housing Authority.  She is sued in her official and individual capacities for actions taken under color of state law.  Defendants Hines, Bond and Robinson are all members of the Peekskill Housing Authority sued in their official and individual capacities for actions taken under color of state law.

According to the complaint, plaintiff became Executive Director of the Peekskill Housing Authority in April 2003.  Before assuming this position, he served as staff attorney for the Housing Authority beginning in 1998.  In all, plaintiff has worked for the Housing Authority since 1983.  Plaintiff always well performed the duties and responsibilities associated with the positions he held at the Housing Authority.  In October 2006, HUD recognized plaintiff with an award for "exemplary service to our residents."  For 2006, HUD scored plaintiff's management operation 29 out of a maximum score of 30.

In the spring of 2007, defendant Brown stated that plaintiff was allowing too many Hispanics to enter the hosing authority projects.  Plaintiff rebuked defendant Brown for this racist statement.  This was not Brown's only such comment: on several occasions in 2006-07, she made remarks and/or comments deprecating plaintiff's national origin.

On or about September 13, 2007, defendants Brown, Hines, Bond and Robinson voted to

---

1 Through counsel, defendant Testa has previously advised this Court that he could not remove members of the Housing Authority, but his motion papers acknowledge that he does have that power.  **See**, Public Housing Law, sec. 34.  Also see, Monaco v. Stanszewski, 190 A.D.2d 1087, 593 NYS2d 703 (1990).

terminate plaintiff's employment in a closed executive session, not a public meeting as is required. Defendants provided no reason for his termination.

After informing plaintiff of his termination and failing to provide any reason therefor, defendant Brown publicly announced a series of false reasons for this adverse action. Specifically, Brown advised the media that plaintiff was terminated because he had failed to evict a "sex offender" and allowed convicted drug felons to remain in authority buildings. Both of these reasons, as well as all others adduced by the defendant Brown, were baseless, known to be baseless when circulated and simply intended to sully plaintiff's exceptional reputation.

In the later spring/summer 2007, defendants also sought to end plaintiff's employment with the Housing Authority, previously suspending him for the alleged purpose of investigating his performance. The Authority proceeded to hire a New York law firm for the express purpose of determining whether grounds existed to terminate plaintiff. Upon information and belief, this law firm found no such grounds.

To insure the integrity of public housing programs and the use of federal funds, in 2007, plaintiff revealed to HUD several examples of misconduct on the part of members of the Housing Authority, including their grant of a contract without proper bidding for the installation of surveillance cameras to a company closely associated with defendant Testa and Brown's discriminatory remarks concerning Hispanic tenants.

After being given no reason for his termination and then reading publicity about the alleged reasons for this action, through counsel, plaintiff requested a name clearing hearing. Defendants provided no name clearing hearing of any sort.

According to the Complaint [paragraph 29], defendants terminated plaintiff for several inter-related reasons:

     a) first, defendant Testa, the Republican Mayor who appoints housing authority members, came to believe that plaintiff was associating with members of the Democratic party.  On this basis, he expressed hostility toward plaintiff and appointed Housing Authority members expressly bent on ending plaintiff's tenure for political reasons.

     b) second, defendant Brown became hostile toward plaintiff both because of what she believed was his political affiliation and because he failed and refused to engage in discriminatory practices in violation of the Fair Housing Act.

     c) third, defendant Brown harbored discriminatory animus toward the plaintiff on the basis of his national origin and influenced the other individual defendants who were members of the board in a similar manner.

     Under the terms of his contract with the Housing Authority, plaintiff was entitled to due process before his termination like that afforded by section 75 of New York State Civil Service Law.  Plaintiff's contract created an enforceable property interest in pre-deprivation due process.  Defendant provided no pre-deprivation due process.

     On the basis of these facts, plaintiff claimed that defendants had discriminated against him in the terms and conditions of his employment on the basis of his race and so violated 42 U.S.C. sec. 1981 as amended and violated his First Amendment right to freedom of association by violating the First Amendment of the United States Constitution as made actionable by and through 42 U.S.C. sec. 1983.  Plaintiff also alleged that, by pressuring his appointees to violate the First Amendment by firing plaintiff because of his perceived political beliefs and associations, defendant Testa violated the First Amendment to the United States Constitution as made actionable against him pursuant to 42 U.S.C. sec. 1983.

     Thankachan also alleged that, after publicly deprecating him on behalf of the Peekskill

Housing Authority at the time of his termination, defendants deprived him of a liberty interest without due process of law in violation of the 14th Amendment, as made actionable against defendant by 42 U.S.C. sec. 1983, and failed to provide plaintiff due process before terminating him, also depriving him of property, thereby violating the due process clause of the 14th Amendment, as made actionable against defendant by 42 U.S.C. sec. 1983.

**ARGUMENT**

A.  *STANDARD GOVERNING MOTION TO DISMISS*

On a motion to dismiss, this court should accept the facts as plead and dismiss the Complaint only if there is no legal basis upon which plaintiff can prevail. Albright v. Oliver, 510 U.S. 266, 267, 114 S.Ct. 807, 810, 127 L.Ed.2d 114 (1994).  Put another way, a claim will only be dismissed under Rule 12(b)(6) if, and only if, it appears beyond doubt that the pleader can prove no sets of facts in support of the claim that would entitle her to relief.  Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).  Nor is there any heightened pleading requirement in a civil rights case. Swierkiewicz v. Sorema, N.A., 534 U.S. 506, 122 S. Ct. 992 (2002). Instead, the Complaint must provide "fair notice of the basis of plaintiff's claims" as is required by F.R.Civ.P. 8(a)(2).  Id.

A motion to dismiss will be denied merely because a trial court doubts the allegations or suspects the pleader cannot prevail at trial. Leather v. Eyck, 180 F.3d 420, 423, n. 5(2d Cir. 1999).

Here, if plaintiff can prove the facts set forth in the Complaint, he asserts a cognizable claim against defendant, which is not barred by any legal doctrine, including qualified immunity.

B.  *THE COMPLAINT MAKES OUT A FIRST AMENDMENT CLAIM AGAINST TESTA*

In support of his motion to dismiss, Testa has submitted an Affidavit. The Court should discount this Affidavit on this motion to dismiss.

Taking the facts as plead, as Mayor, Testa successfully pressured his appointees on the Housing Authority to implement an unconstitutional policy, i.e., terminating Thankachan because of his political beliefs. Testa argues that, as a matter of law, he cannot be found liable on such a theory. He claims that since others implemented the adverse action, i.e., plaintiff's termination, any pressure he applied as Mayor to this end is of no constitutional moment. This argument has been rejected in United States v. City of Yonkers, et al., 837 F.2d 1181, (2d Cir. 1987) cert. denied, 486 U.S. 105 (1988), where the City of Yonkers was held liable for school segregation in part because the Mayor used his power of appointment to stack the school board with members who were committed to continue unconstitutional racial segregation in city schools.

Conceptually, there is no difference between that basis for liability and the one plead against Testa here: while Mayor Martinelli did not take the votes which led to the perpetuation of school segregation in Yonkers, he did appoint Board members committed to that set of policies and this played a substantial part in holding the City of Yonkers liable for school segregation.

In short, if the evidence shows that Testa pressured Housing Authority members to unconstitutionally terminate Thankachan because of the latter's political affiliation, he, Testa, may be held personally liable for their acts and, more importantly, his own.

Defendant Testa's submissions in support of the motion are all suppositious and assume facts not in evidence. For instance, while the complaint makes clear that the Housing Authority was hardly "autonomous" in practice, he asserts that it is juridically independent, an irrelevance

if, as alleged, its members intentionally did the bidding of the Mayor and so implemented his unconstitutional agenda, as the Complaint alleges.

Defendant mischaracterizes the basis for his alleged liability: he is not being sued because he appointed Brown to the Board in 2004. He is being sued because, allegedly abusing his
authority as Mayor, he pressured her and other Board members to terminate Thankachan because of the plaintiff's political affiliation.

Contrary to the claims by Testa's counsel, on a motion to dismiss, the issue is not what is "undisputed"; rather, in deciding such a motion, the Court must accept plaintiff's factual averments as true and then determine whether, assuming proof of them, plaintiff can make out a claim.

Defendant next argues that the Complaint does not provide defendant sufficient factual detail. But, this is the purpose of discovery and, plainly, the Complaint sufficiently outlines and supports plaintiff's causes of action. See, Swierkiewicz, supra.

WHEREFORE, the instant motion is due to be denied in its entirety and a scheduling order entered for all parties.

                                        Respectfully submitted,

                                        MICHAEL H. SUSSMAN [3497]

SUSSMAN & WATKINS
PO BOX 1005
GOSHEN, NY 10924
(845)-294-3991
COUNSEL FOR PLAINTIFF